STATE OF NORTH CAROLINA v. ROBERT MOLKO

No. 8017SC664

(Filed 3 February 1981)

**Assault and Battery § 15.5— defense of self — instruction required**

In a prosecution for assault with a deadly weapon with intent to kill inflict-
ing serious injury where defendant contended that the victim grabbed defendant
by the hair and t-shirt to drag him into a cell for the purpose of a homosexual act
and that defendant then swung at the victim with a razor to get the victim to
remove his hands, a jury question was raised as to whether defendant reasonably
felt he was in imminent danger of a homosexual assault and whether he used
more force than was reasonably necessary to repel the assault.

APPEAL by defendant from *Walker (Hal Hammer), Judge.*
Judgment entered 20 February 1980 in Superior Court, CASWELL
County. Heard in the Court of Appeals 12 November 1980.

Defendant was tried for assault with a deadly weapon with
intent to kill inflicting serious injury upon Allen Hall. On 2 Novem-
ber 1979, Hall and the defendant were inmates at Blanch Institu-
tion, Ivy Bluff Prison, Caswell County. Curtis Jefferies and David
McGee, who were guards at the Blanch Institution on that date,
testified that they saw the defendant approach Allen Hall from
Allen Hall's back and cut Hall's neck with a two-inch razor blade
that had been melted into a ball-point pen. They searched Allen
Hall immediately after the incident and did not find a weapon on
him. Allen Hall received a cut near his jugular vein which required
eight stitches to close.

The defendant offered evidence to the effect that Allen Hall
was trying to get him to come to Hall's cell for the purpose of
performing a homosexual act. Defendant testified:

"Allen Hall called me back up there so I walked up to the
cell and Hall said, 'Look, I told you to go to the cell', and I
said, 'I ain't going in, I don't want any trouble with you'
and he grabbed me by the side of the head by my hair and
t-shirt and I pushed back and I tried to knock his hand
away and he had hold here, then I don't know if he still
had hold but I pushed back and pulled the razor blade
from my pocket and I swung at him and I was scared and
if I cut him I don't know but I was not trying to kill the
man or nothing like that, I was trying to get the man off,

that is all."

Several inmates testified for the defendant that Hall was bothering the defendant by trying to get him to come to his cell; that defendant told Hall not to bother him; that Hall grabbed the defendant; that they saw someone other than the defendant cut Hall; but that they did not know the identity of that person.

The jury found the defendant guilty of assault with a deadly weapon inflicting serious injury. He appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General Everette Noland and Associate Attorney Steve F. Bryant, for the State.*

*Lloyd M. Gentry and Ronald M. Price for defendant appellant.*

WEBB, Judge.

The defendant assigns as error the failure of the court to charge on self-defense. When supported by competent evidence the court is required to charge on self-defense. *State v. Deck*, 285 N.C. 209, 203 S.E. 2d 830 (1974). A person may use such force to repel an attack as reasonably appears necessary to him. The jury must determine the reasonableness of the defendant's belief. A person may not use deadly force to repel an attack when it does not reasonably appear that he must do so in order to protect himself from death or great bodily harm. *See State v. Clay*, 297 N.C. 555, 256 S.E. 2d 176 (1979). In the light most favorable to the defendant, the evidence showed that Allen Hall grabbed the defendant's hair and t-shirt to drag him into a cell for the purpose of a homosexual assault. When the defendant was unable to remove Hall's hands from his body, he swung at Hall with a razor to get Hall to remove his hands. We believe that a person who is put in fear of a homosexual assault is put in fear of great bodily harm. We hold it was a jury question in the case sub judice as to whether the defendant reasonably felt he was in imminent danger of a homosexual assault and whether he used more force than was reasonably necessary to repel the assault. Since the court did not charge the jury on self-defense, we hold there must be a new trial.

The questions raised by the defendant's other assignments of error may not recur at a new trial, and we do not discuss them.

New trial.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.